IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWIN JONES,

                Petitioner,                          ORDER

        v.                                      08-cv-517-bbc

WILLIAM FRANCIS, Parole Agent #32811
and DONNA HEDRICH, Social Worker,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWIN JONES,

                Petitioner,                          ORDER

        v.                                      08-cv-520-bbc

DONNA HEDRICH, Social Worker and
WILLIAM FRANCIS, Parole Agent,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In response to an order entered in these cases on September 9, 2008, petitioner has submitted a resident account statement for the six-month period immediately preceding the filing of his complaints. From this statement, I conclude that petitioner has the means to prepay a portion of each of the $350 filing fees in these cases in the amount of $6.96.

1

Petitioner is reminded that paying the amounts I have determined he is able to prepay is just the first step in obtaining leave to proceed in forma pauperis under 28 U.S.C. § 1915. After the court receives his payments, I will take petitioner's complaints under advisement for a determination under § 1915(e)(2) whether the actions or any portion of them must be dismissed as frivolous or malicious, for failure to state a claim on which relief may be granted or because petitioner seeks monetary relief against a defendant who is immune from such relief.

Two other matters require comment. First, included with petitioner's resident account statement is a letter dated September 11, 2008, asking the court to return his account statement to him. This one time only, I will copy and return petitioner's statement to him free of charge. It is this court's policy that litigants are responsible for making their own copies whether they are incarcerated or not. In the future, petitioner must use his own money to pay for copies. If petitioner does not believe he will be able to afford to make copies of all of his documents, he may write the copies by hand.

Second, petitioner has also submitted a request under the Freedom of Information Act for "local rules, opinions, orders, and procedures established for granting in this court Wisconsin Chapter 980 committees leave to proceed in forma pauperis status." Petitioner states that he requests these documents because he intends to challenge this court's procedure requiring those civilly committed under Wisconsin Statutes Chapter 980 to

2

submit a resident account statement for the six-month period immediately preceding the filing of his complaints in order to determine their indigent status, while other complainants not subject to the Prison Litigation Reform Act do not need to submit such documents.

I will respond to this request by first noting that the judiciary is exempt from the Freedom of Information Act, 5 U.S.C. § 551(1)(B), and therefore I will deny petitioner's request for documents regarding this court's procedures with respect to making indigency determinations for those civilly committed under Wisconsin Statutes Chapter 980. In any case, it may be instructive to point out that this court first articulated the reasons for adopting the Prison Litigation Reform Act's method for determining an inmate's indigency in all cases involving institutionalized persons in Longbehn v. Reno, 27 F. Supp. 2d 1162 (W.D. Wis. 1998). In that decision I concluded that adopting this method was appropriate in part because the method is fair, easy to apply and it results in institutionalized persons, who often earn meager income, having to relinquish only a fraction of their average monthly deposits to the court. See id. at 1165. Perhaps this case will provide petitioner with a greater understanding of my decision to adopt this method for institutionalized persons who are not subject to the Prison Litigation Reform Act.

ORDER

IT IS ORDERED that petitioner qualifies financially for pauper status on the

3

condition that he prepay $6.96 of each of the $350 fees for filing these cases. He is to submit checks or money orders made payable to the clerk of court in that amount on or before October 8, 2008. If, by October 8, 2008, petitioner fails to prepay the amounts he has been ordered to pay, I will dismiss these cases for his failure to prosecute.

Entered this 17th day of September, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

4