IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWIN E. JONES,

Petitioner,

v.

WILLIAM FRANCIS, Parole Agent, and
DONNA HEDRICH, Social Worker,

Respondent.

ORDER

08-cv-520-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a proposed civil action for monetary and injunctive relief brought pursuant to 42 U.S.C. § 1983. Petitioner Edwin Jones, a patient at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin, requests leave to proceed under the in forma pauperis statue, 28 U.S.C. § 1915. Petitioner has made his initial partial payment in accordance with 28 U.S.C. § 1915(b). However, the court is required to review the merits of his complaint to determine whether his claim must be dismissed as frivolous or malicious, for failure to state a claim on which relief may be granted or because petitioner is seeking money damages from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). In addressing any pro se litigant's complaint, the court must construe the complaint liberally. Haines v. Kerner,

404 U.S. 519, 521 (1972).

This is petitioner's second complaint against respondents Francis and Hedrich for threatening to revoke his parole in violation of his right to due process under the Fourteenth Amendment. In petitioner's earlier compliant, he alleged that respondent Francis threatened to revoke his parole for failing to participate in treatment programs at Sand Ridge. In this complaint, he alleges that respondent Francis threatened to revoke his parole because of a behavior report filed against him on August 8, 2008, for comments he made to Sand Ridge staff. Respondent Hedrich informed respondent Francis about the report. As with petitioner's previous complaint, this new complaint will be dismissed without prejudice because petitioner must bring this claim as a petition for a writ of habeas corpus after he has exhausted his remedies in state court. 28 U.S.C. § 2254.

Petitioners Mark B. Evans, Richard McGowan and Willie Scott have asked to intervene in this action pursuant to Rule 24 (b)(1)(B). Because I am dismissing, petitioner Jones's complaint, the motion to intervene is denied as moot. (Petitioners are free to file their motions as individual petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254, if their claims are like petitioner Jones's claims, or as civil actions under 42 U.S.C. § 1983.)

## DISCUSSION

Petitioner argues that because he is a civilly committed patient his behavior cannot be reviewed by the Wisconsin Department of Corrections or be the basis for revoking his parole. As with his previous complaint, I understand petitioner to be attacking the conditions of his parole. He is challenging the law that authorizes revocation of his parole on the basis of his behavior while he is housed at Sand Ridge. Petitioner cannot bring an attack on the conditions of his parole under § 1983 unless he first succeeds in a habeas corpus proceeding pursuant to 28 U.S.C. § 2254 challenging the parole conditions or revocation proceedings. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

If petitioner wants to pursue his claim he will need to refile this action as one seeking habeas corpus relief. (Also, petitioner may choose to consolidate his claims into one habeas petition.) As discussed in the earlier order, petitioner may raise his claims in a petition for a writ of habeas corpus, but he should be aware that such a petition would have to be dismissed immediately unless he can show that he has presented his claims to the Wisconsin courts and has been denied relief at the trial and appellate levels, 28 U.S.C. § 2254(b)(1)(A), or that there is no state corrective process available to him, § 2254(b)(1)(B).

## ORDER

IT IS ORDERED that

1. Petitioner's request for proceeding in forma pauperis on his claim that respondents violated his Fourteenth Amendment right to refuse medical treatment is DENIED without prejudice to his raising his claim in a petition for a writ of habeas corpus.

2. Petitioner is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). This court will notify the director at Sand Ridge Secure Treatment Center of that institution's obligation to deduct payments from petitioner's account until the filing fee has been paid in full.

3. Petitioners Mark Evans, Richard McGowan and Willie Scott's motion to intervene pursuant to Fed. R. Civ. P. 24 (b)(1)(B) is DENIED as moot.

Entered this 22nd day of October, 2008.

BY THE COURT:

/s/

_______________________________

BARBARA B. CRABB
District Judge